## Hercoform Marketing, Inc. v. Brown

*Bernerd A. Buzgon,* of *Davis, Katz, Buzgon & Davis,* for plaintiff.
*John R. Kelsey, III,* for defendants.

WALTER, *J.*, October 14, 1975—This matter comes before us on preliminary objections filed by plaintiff in the nature of a motion to strike off a pleading and a demurrer to defendants' amended answer, new matter and counterclaim III.

In its motion to strike off a pleading, plaintiff avers, inter alia:

1. Defendants' counterclaim III for punitive damages is not in conformity to law, sounds in assumpsit and, therefore, does not warrant an award of punitive damages;

2. Defendants' amended pleading lacked, at the time plaintiff's preliminary objections were filed, a verification as required by Pa.R.C.P. 1024; and

3. Defendants' amended pleading contained no notice to plead as required by Pa.R.C.P. 1025 (having in mind, perchance, Rule 1026).

We will deal with those premises in inverse order.

While defendants' amended counterclaim III bears no notice to plead, it is not sufficient reason to grant plaintiff's motion to strike, for no greater consequence attaches to that failure to endorse than

that there is no duty on the part of plaintiff to file a responsive pleading, and all averments in the pleading devoid of the endorsement are deemed automatically denied. Thus, no harm falls to either party on that point because no further pleading was indicated.

Referring to the missing verification, defendants filed 18 days after the amended counterclaim III and sworn to by their attorney, a verification of the amended counterclaim III. But did that document fulfill the requirements of the governing rule?

It is well settled that if a pleading lacks a proper affidavit, the party filing it may cure the defect by filing a separate affidavit which states that the averments of the pleading are true and correct or otherwise conform to Pa.R.C.P. 1024. If it can be done after a preliminary objection to the lack of a verification is sustained (as the law permits) a fortiori it can be done prior to that point in time. See 2A Anderson Pa. Civ. Prac. §1024.12. The record shows defendants did so file before these preliminary objections were considered.

That leads us to an analysis of the later-filed verification itself.

Defendants' attorney, John R. Kelsey, III, signed the verification pursuant to Pa.R.C.P. 1024(c)(2) which states, in pertinent part:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all of the parties . . . (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source

of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

Mr. Kelsey is a nonparty. Thus, the verification must state why he made it, aver the source of his information as to matters not of his own knowledge and set forth the reason why it was not made by a party.

It would appear on first reading, the verification fulfills those requirements. However, it is well settled that a verification made by an attorney for the pleader is defective when it merely avers the parties were outside the State of Pennsylvania when there is nothing to show that the verification could not have been taken in another State. See 2A Anderson, supra, §1024.8. Mr. Kelsey's affidavit only sets forth the fact that all defendant-parties are outside of Pennsylvania *and nothing more* as a reason for his making it; hence, the verification is not sufficient, and defendants' pleading is subject to a preliminary objection in the nature of a motion to strike.

It is, therefore, unnecessary to consider the questions relating to the sufficiency of amended counterclaim III in its demand for punitive damages, nor that pertaining to whether it states a cause of action (the demurrer). Accordingly, we make the following

## ORDER

And now, to wit, October 14, 1975, plaintiff's preliminary objections in the nature of a motion to strike defendants' amended counterclaim III is sustained and defendants' counterclaim III is hereby stricken.